UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Grant Anthony Judish, | Case No. 25-CV-1302 (LMP/DJF) |
| Plaintiff, | |
| v. | |
| City of Eden Prairie, Eden Prairie Police Department, Brett Lindeman, Dan Peterson, Mark Gustad, Rob Johnston, Christopher Wood, Matthew Sackett, Hennepin County Sheriff's Department, Hennepin County Jail, Leah Erickson, the Office of the Hennepin County Prosecutor, and the Minnesota Board of Peace Officer Standards and Training, | **ORDER AND REPORT AND RECOMMENDATION** |
| Defendants. | |

This matter is before the Court on initial screening of Plaintiff Grant Anthony Judish's complaint ("Complaint") (ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 2). For the reasons given below, the Court recommends dismissing some of Mr. Judish's claims, grants the IFP Application, and issues certain service-related orders.

**I.     BACKGROUND**

Mr. Judish's Complaint stems from his April 8, 2021 arrest on an alleged harassment restraining order violation. (*See, e.g.*, ECF No. 1 at 4.) At the time of his arrest, he was carrying an e-cigarette, BB gun, phone, micro-SD card, sim card, keys, and a wallet containing a driver's license and several financial cards. (*Id*.) Officer Brett Lindeman of the Eden Prairie Police Department transported Mr. Judish to the Hennepin County Jail ("HJC") for booking. According to Mr. Judish, Officer Lindeman took his e-cigarette, BB gun, phone, micro-SD card, sim card,

and keys without logging them, mentioning them in the arrest report, or informing other officers. (*Id.*)  Mr. Judish states that Officer Lindeman eventually documented that he entered Mr. Judish's phone, BB gun, e-cigarette, and keys into evidence when he amended the arrest report four days later, on August 12, 2021.  (*Id.*)

Mr. Judish contends the initial lack of documentation became a problem when officers asked him to sign a property inventory form that did not list all the items taken from him.  (*Id.*)  He states that he refused to sign the inventory because it was incomplete and that an officer told him he had to sign it anyway.  (*Id.*)  According to Mr. Judish, when he continued to refuse, several officers stripped him naked, locked him in an empty holding cell for hours with no furniture, windows or restroom facilities, and put him on suicide watch to force him to provide a signature.  (*Id.* at 4–5.)  Mr. Judish eventually signed the inventory form "under duress", was returned to the holding cell, and was later moved to the general population.  (*Id.* at 5.)

Mr. Judish further alleges that, around April 9, 2021, Eden Prairie Detective Dan Peterson searched his phone and SD card without a warrant and copied and converted private files including pornographic images of his girlfriend.  Mr. Judish also asserts that—despite a judge's order—Eden Prairie Detective Mark Gustad refused to return the devices until Mr. Judish provided his passcodes, and that when the Eden Prairie Police Department finally returned them, the SD card was damaged.  (*Id.* at 5–7.)  Mr. Judish alleges Detective Gustad did not petition the court for a warrant to legally access the phone and the SD card until after Mr. Judish had been in custody for over 30 days and indicated he was willing to enter a plea agreement.  (*Id.* at 6.)

Mr. Judish additionally states that he complained to HCJ officials, Eden Prairie Police Department officials, and the Minnesota Board of Peace Officer Standards and Training ("POST Board") about property damage, illegal searches, and officer misconduct, and that his complaints

were ignored and never investigated. (*Id.* at 6–8.) Mr. Judish specifically states that he complained to Eden Prairie Lt. Rob Johnston, who assured Mr. Judish he would investigate. (*Id.* at 7-8.) Lt. Johnston contacted Mr. Judish approximately two weeks later and reported he found no evidence of wrongdoing and would close the investigation. (*Id.* at 8.) Mr. Judish then reported his complaints to Eden Prairie Police Captain Christopher Wood and Eden Prairie Police Chief Matthew Sackett. (*Id.* at 8-9.) Both responded to Mr. Judish that they found no evidence of misconduct and refused to comment further. (*Id.*)

Relevant here, Mr. Judish also claims that after a judge ordered his release during a hearing on April 12, 2021, Detective Gustad filed a new, allegedly misleading probable cause statement asserting that Mr. Judish was "in custody on other matters" and requested a rush warrant for his arrest. (*Id.* at 5.) Hennepin County prosecutor Leah Erickson approved and signed the warrant and caused Mr. Judish's bail amount to be raised to $50,000, which kept Mr. Judish in jail until he accepted a plea bargain. (*See id.*)

**II.   DISCUSSION**

Mr. Judish's Complaint presents a broad Section 1983 civil rights action alleging that each defendant violated Mr. Judish's rights under federal and state law. (*See id.* at 9–11.) For initial screening purposes the key issues are twofold. First, Mr. Judish contends that Defendant Erickson's conduct at the April 12, 2021 hearing violated his rights under the Fifth, Eighth, and Fourteenth Amendments. (*Id.* at 10.) Second, Mr. Judish suggests that the POST Board's failure to take action against various officers—after Mr. Judish reported their conduct to the POST Board—reflects a constitutionally impermissible failure to supervise or oversee the county officials. (*See id.* at 11.) Mr. Judish's requests for relief include, among other requests, demands for compensatory damages against Prosecutor Erickson and the POST Board. He also includes

3

both defendants in generic requests for declaratory relief and an investigation of all the defendants. (*See id.* at 11–12.)

Mr. Judish did not pay this lawsuit's filing fee. Instead, he filed the IFP Application, which shows that he meets the financial criteria for *in forma pauperis* ("IFP") status. But under the federal statute governing IFP proceedings, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case [i.e., an IFP proceeding] at any time if the court determines that … the action …fails to state a claim on which relief may be granted[] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Although Section 1915(e)(2) speaks in terms of "the case," courts in this District regularly dismiss parts of a lawsuit under Section 1915(e)(2). *See, e.g.*, *Ash v. L. Enf't Agencies*, No. 23-CV-2860 (JWB/LIB), 2024 WL 1118777, at *2 n.5 (D. Minn. Mar. 14, 2024) (citing cases), *aff'd*, No. 24-1853, 2024 WL 4626488 (8th Cir. June 20, 2024); *Hunter v. Mayo Clinic*, No. 21-CV-0742 (ECT/HB), 2021 WL 1877638, at *2 n.3 (D. Minn. Apr. 16, 2021) (same), *report and recommendation adopted*, 2021 WL 1873430 (D. Minn. May 10, 2021).

While the Court recommends that most of Mr. Judish's claims proceed at this early stage of the litigation,[1] it also recommends three actions to narrow the issues. First, prosecutorial immunity bars Mr. Judish's claims against Defendant Erickson. That doctrine gives prosecutors absolute immunity from civil liability for actions "'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also, e.g.*, *Stockley v. Joyce*, 963 F.3d 809, 817 (8th Cir. 2020) (quoting *Imbler* and *Burns*). Prosecutorial immunity covers advocacy at hearings on bail and

---

[1] The Court's determination that some claims should proceed past initial screening should not be construed as a finding of merit or a determination that the Complaint states claims for relief on which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

4

detention. *See, e.g.*, *Rodgers v. SLMPD Arresting Officers*, No. 22-CV-00184 (SPM), 2022 WL 1451682, at *21 (E.D. Mo. May 9, 2022); *Parsons v. McCann*, 138 F. Supp. 3d 1086, 1110 (D. Neb. 2015) (citing cases). Moreover, this immunity applies even when a prosecutor allegedly acted with malice. *See, e.g.*, *Imbler*, 424 U.S. at 430; *Stockley*, 963 F.3d at 818 (citing cases). Mr. Judish's allegations against Defendant Erickson challenge her conduct as a Hennepin County Prosecutor. The Court therefore recommends dismissing Mr. Judish's claims against Defendant Erickson with prejudice.

Second, Eleventh Amendment sovereign immunity bars Mr. Judish's claims against the POST Board. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Courts have long held that this immunity further precludes lawsuits against a state by its own citizens. *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)); *Klingler v. Dir., Dep't of Revenue*, 455 F.3d 888, 893 (8th Cir. 2006) (same).[2] The same protection extends to state agencies. *See, e.g.*, *Pennhurst State Sch.*, 465 U.S. at 100 (citing cases); *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (same).

The POST Board is a Minnesota state agency. *See, e.g.*, Minn. Stat. § 626.841 (establishing the POST Board). Because the POST Board is a state agency, Eleventh Amendment sovereign immunity bars Mr. Judish's claims against it. The Court thus recommends dismissing his claims against the POST Board without prejudice for lack of jurisdiction.

---

[2] State sovereign immunity has certain exceptions: A state may consent to suit or Congress may abrogate the immunity. *See, e.g.*, *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011) (citing authorities); *EEE Mins., LLC v. North Dakota*, 81 F.4th 809, 815 (8th Cir. 2023) (quoting *Stewart*). Mr. Judish's filings do not show that either exception applies.

Finally, the Complaint lists several municipal and county agencies, which cannot be sued in their own names, including: the Hennepin County Sheriff's Department; the Hennepin County Jail; and the Office of the Hennepin County Prosecutor (collectively, the "Hennepin County Agencies"); and the Eden Prairie Police Department.  *See, e.g.*, *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (addressing jails); *Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (addressing police departments); *Crabtree v. Roseau Cnty. Sheriff Off.*, No. 22-CV-0093 (WMW/HB), 2022 WL 1523691, at *2 (D. Minn. Mar. 17, 2022) (addressing county attorney's offices (citing cases)), *report and recommendation adopted*, 2022 WL 1522571 (D. Minn. May 13, 2022).  Instead of suing these municipal and county agencies, Mr. Judish should have named the county and municipality of which they are a part.  Thus, while Mr. Judish's claims against the Hennepin County Agencies should not proceed, Hennepin County is a proper party for suit instead.  Federal Rule of Civil Procedure 21 provides that a court, "[o]n motion or on its own, … may at any time, on just terms, add or drop a party."  The Court therefore substitutes Hennepin County as a defendant and recommends dismissing the Hennepin County Agencies.  The Court further recommends dismissing the Eden Prairie Police Department.[3]

Because the Court recommends that this case proceed against some defendants, it also grants Mr. Judish's IFP Application and orders service of process.  This disposition is without prejudice as to the remaining defendants responding to the Complaint in any manner permitted by the Federal Rules of Civil Procedure.

---

[3] There is no need to substitute any entity for the Eden Prairie Police Department because the Complaint names the City of Eden Prairie as a defendant.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants Leah Erickson, the Eden Prairie Police Department, the Hennepin County Sheriff's Department, the Hennepin County Jail, and the Office of the Hennepin County Prosecutor be **DISMISSED WITH PREJUDICE**.

2. The Minnesota Board of Peace Officer Standards and Training Complaint be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## ORDER

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Hennepin County is **ADDED** as a defendant to this action.

2. Plaintiff Grant Anthony Judish's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

3. Mr. Judish must submit a properly completed Marshal Service Form (Form USM-285) for each Defendant: City of Eden Prairie, Brett Lindeman, Dan Peterson, Mark Gustad, Rob Johnston, Christopher Wood, and Matthew Sackett. If Mr. Judish does not complete and return the Marshal Service Forms by June 23, 2025, the Court will recommend dismissing this matter without prejudice as to those defendants for failure to prosecute. The Court will provide Marshal Service Forms to Mr. Judish.

4. Upon receipt of the completed Marshal Service Forms, the Court directs the Clerk of Court to seek waiver of service from Defendants Brett Lindeman, Dan Peterson, Mark Gustad, Rob Johnston, Christopher Wood, and Matthew Sackett (in their individual capacities), consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

5. If a defendant sued in his individual capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

6. Upon receipt of the Marshal Service Forms, the Court directs the U.S. Marshals to effect service of process on Defendant City of Eden Prairie and Defendants Brett Lindeman, Dan Peterson, Mark Gustad, Rob Johnston, Christopher Wood, and Matthew Sackett (each in his official capacity with the City of Eden Prairie) consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

7. The Court directs the U.S. Marshals Service to effect service of process immediately on Defendant Hennepin County consistent with Rule 4(j) of the Federal Rules of Civil Procedure.


Dated: May 22, 2025                                   *s/ Dulce J. Foster*
                                                      DULCE J. FOSTER
                                                      United States Magistrate Judge

## NOTICE

### Order

**Filing Objections**: This Order is not appealable to the Eighth Circuit Court of Appeals until the conclusion of this matter.

Under Local Rule 72.2(a)(1), "a party may file and serve written objections to the order within 14 days after being served a copy" of the order. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(a)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

### Report & Recommendation

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).