# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Grant Anthony Judish,

       Plaintiff,

v.

City of Eden Prairie, Brett Lindeman, Dan
Peterson, Mark Gustad, Rob Johnston,
Christopher Wood, Matthew Sackett, and
Hennepin County,

       Defendant.

Case No. 25-cv-1302 (LMP/DJF)

**PROTECTIVE ORDER**

---

This matter is before the Court on the parties' Proposed Protective Order ("Proposed Order") (ECF No. 64). The Court **APPROVES** the Proposed Order **IN PART**.[1]  Based on the Proposed Order, the Parties' Letter to Magistrate Judge (ECF No. 65) and for good cause shown, the following shall govern discovery in this case:

1.      WHEREAS the parties anticipate discovery in the above-entitled matter may result in the production of data and medical records that may be classified as confidential, nonpublic or private under the Minnesota Government Data Practices Act (Minn. Stat. § 13.01, et seq.), the Driver's Privacy Protection Act (18 U.S.C. § 2721, et seq.) and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  In addition to the specific categories of data identified above, the parties may designate any of the following as "confidential materials":  medical records, tax returns, financial records and information, personnel records and employee information, or any other information by virtue of its nature or pursuant to law that would be considered confidential.

---

[1] Material amendments to the parties' proposal are highlighted for ease of reference.

1

To facilitate discovery and the exchange of information, the parties agreed upon stipulation for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in the following designated ways. As used in the Protective Order, these terms have the following meanings:

   a.  "Attorneys" means the undersigned counsel of record;

   b. "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

   c. "Confidential" documents are documents designated pursuant to paragraph 2 and paragraph 7;

   d. "Outside vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys;

   e.  "Written Assurance" means a signed document in the form attached as Exhibit A.

2.  A Party may designate a document "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c).

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4.  Access to any Confidential document shall be limited to:

   a)   the Court and its staff;

   b)   Attorneys, their law firms, and their Outside Vendors;

   c)   persons shown on the face of the document to have authored or received it;

   d)   court reporters retained to transcribe testimony;

   e)   the parties; and,

2

f)   outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5.      Third parties producing documents in the course of this action may also designate documents as "Confidential" subject to the same protections and constraints as the parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.      Each person appropriately designated pursuant to paragraphs 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A to the parties' Proposed Protective Order (ECF No. 64).

7.      All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential." Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8.      Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.  Any party receiving such improperly-designated documents shall retrieve such documents from All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents.

9.      If a party files a document containing Confidential information with the Court, it shall do so in compliance with Local Rule 5.6.  Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure from the Court.

10.      Any party may request a change in the designation of any information designated "Confidential."  Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected.  The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c). The designating party shall designate only such information or documents that it in good faith contains confidential information.

11.      Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents.  Each party shall provide a certification as to such return or destruction within the 60-day period.  However, Attorneys shall be entitled to retain a set of all documents

4

filed with the Court and all correspondence generated in connection with the action.

12.    Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13.    No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14.    The obligations imposed by the Protective Order shall survive the termination of this action.

15.    In connection with any motion filed with this Court, only those portions of a party's submission (e.g., memorandum of law, affidavit, and exhibits) which meet the requirements for treatment of protection from public filing (e.g., because they are subject to the attorney-client privilege or work product doctrine, or meet the standards articulated by Fed. R. Civ. P. 26(c)(1)(G)), shall be filed under temporary seal pursuant to Local Rule 5.6 and the procedures for continued sealing set forth under that Rule shall thereafter be followed. Designation of material as confidential or protected by any party pursuant to a protective order as the sole basis for filing the material under seal shall not satisfy this requirement. With respect to any submission filed with the Court under temporary seal pursuant to Local Rule 5.6, the filer shall serve a copy of the sealed submission on all parties contemporaneously with the documents being filed.

16.    The Court shall retain jurisdiction to enforce this Protective Order to provide both equitable and legal relief.

**IT IS SO ORDERED.**

Dated: March 6, 2026                              *s/ Dulce J. Foster*
                                                  Dulce J. Foster
                                                  United States Magistrate Judge