# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Grant Anthony Judish,  Case No. 25-cv-1302 (LMP/DJF)

    Plaintiff,

v.  **ORDER**

Dan Peterson, et al.,

    Defendants.

---

Based on all the files, records and proceedings herein, and for the reasons stated on the record at the motion hearing, Defendants' *Motion to Compel* (ECF No. 69) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff is ordered to respond to Defendants' Interrogatories and Requests for Production dated March 16, 2026 no later than **July 8, 2026**.  Failure to comply with this Order may result in sanctions against Plaintiff.

2. Plaintiff is ordered to produce to defense counsel, on or before **July 8, 2026**, his cell phone and the SD card(s) and SIM card(s) he alleges Defendants improperly accessed (the "Devices").  Failure to comply with this Order may result in sanctions against Plaintiff.

    a. The Devices shall be produced on an "Attorney's Eyes Only" basis.  This means the Devices may only be accessed directly by Defendants' expert, ArcherHall, and any members of their team as needed to perform a forensic examination and extraction of the devices.

    b. Raw data and information obtained from the forensic examination and extraction may only be viewed by:

      i.      ArcherHall and any members of their team necessary to perform the forensic examination and extraction;

      ii.      The Court and its staff;

      iii.      Plaintiff;

      iv.      Defense counsel and their employees or outside vendors; or

      v.      Court reporters or videographers retained in connection with this case.

c.      Before ArcherHall may extract or examine the Devices, or access data contained on the Devices, defense counsel must provide ArcherHall with a copy of this Order as well as a copy of the general Protective Order in this case (ECF No. 68), and obtain a signed agreement from ArcherHall stating that ArcherHall, its employees and any members of their team: (1.) agree to be bound by this Order and the general Protective Order; and (2.) consent to the jurisdiction of this Court for purposes of enforcing these Orders.

d.      Neither Defendants nor any other members of any law enforcement entity may access the Devices or receive any raw data obtained from the Devices.

      i.      Defendants may receive from defense counsel only such summary information obtained from the forensic examination and extraction as may be relevant and necessary to consult with counsel regarding the claims and defenses asserted in this case.

      ii.      Any breach of this Order may subject Defendants or their counsel to sanctions.

2

e.      When conducting the forensic examination, ArcherHall and its team members shall only review information contained on the Devices related to the following date range: **April 8, 2021 through May 26, 2021**.

3.      The Pretrial Scheduling Order and its amendment (ECF Nos. 60, 67) are amended to extend the unexpired expert discovery deadlines as follows:

a.      Defendant's initial expert identities and reports are due: **August 21, 2026**.

b.      Both parties' rebuttal expert identities and reports are due: **August 31, 2026**.

c.      All other deadlines remain in full force and effect.

4.      Defendants' Motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

Dated: June 24, 2026                         *s/ Dulce J. Foster*
                                             Dulce J. Foster
                                             United States Magistrate Judge