**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Grant Anthony Judish,<br><br>Plaintiff,<br><br>v.<br><br>Dan Peterson and Mark Gustad,<br><br>Defendants. | Case No. 25-cv-1302 (LMP/DJF)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Defendants' *Motion for Sanctions* (ECF No. 80) ("Motion"), which the Court initially denied without prejudice on August 20, 2026 (ECF No. 93). Defendants' Motion seeks dismissal with prejudice, or in the alternative, an order prohibiting Plaintiff from introducing evidence related to the subjects of their discovery requests. (*See* ECF No. 83 at 17.) Defendants also seek an award of their expenses and fees incurred in bringing the Motion. (*Id.*) Based on Plaintiff's continued failures to participate in discovery or comply with the Court's orders, the Court reconsiders its previous order (ECF No. 93) and now recommends that the Motion be granted in part and this action be dismissed with prejudice pursuant to Rule 37(b) of the Federal Rules of Civil Procedure.

**BACKGROUND**

Defendants served Interrogatories and Requests for Production of Documents on Plaintiff on March 16, 2026. (*See* ECF No. 74-3.) Based on the information available to the Court to date, Plaintiff has not answered or responded to any of them.

After sending Plaintiff multiple letters and email messages asking Plaintiff to respond to their written discovery requests (*see* ECF Nos. 74-4 – 74-8), Defendants eventually became frustrated and filed a motion to compel on June 10, 2026 (ECF No. 69). Plaintiff did not file any

response or objection to the motion to compel. (*See* Docket.) The Court held a hearing on that motion on June 24, 2026, during which Plaintiff and defense counsel appeared (ECF No. 77). During the hearing, and in a written order issued thereafter (ECF No. 78), the Court ordered Plaintiff to respond to Defendants' Interrogatories and Requests for Production by July 8, 2026, and explicitly warned Plaintiff that his failure to respond to Defendants' discovery requests could result in sanctions. (*Id.*) At no point during the hearing did Plaintiff state that he had not received Defendants' discovery requests or suggest he had already served responses to them. Immediately after the hearing, Plaintiff sent defense counsel an email stating that he intended to mail responses to Defendants' discovery requests the next day (ECF No. 86-1).

Notwithstanding this email and the Court's order, Plaintiff still failed to answer Defendants' written discovery requests. On July 23, 2026, Defendants filed their Motion for Sanctions (ECF No. 80) under Rule 37 of the Federal Rules of Civil Procedure. Defendants attached multiple communications with Plaintiff as exhibits to their Motion. Many of the communications Defendants attached to their Motion are messages from Plaintiff that are hostile in tone (*see, e.g.* ECF No. 86-10), and indicate that Plaintiff refused to respond to Defendants' discovery requests because Defendants did not respond to his own informal requests for information from Defendants (*see* ECF No. 86-4, June 30, 2026 email stating he would not confirm production of his cell phone, which the Court had previously ordered him to produce, until Defendants provided responses to his informal demands).[1]

Plaintiff failed to file any response to Defendants' Motion for Sanctions. (*See* Docket.) On July 31, 2026, having noted Plaintiff's lack of response, the Court filed an order sua sponte

[1] Plaintiff has not filed a motion to compel discovery responses from Defendants, and though the record includes emails from Plaintiff asserting demands for information, there is no suggestion in the record that Plaintiff has served Defendants with formal Interrogatories or Document Requests (*see* ECF Nos. 86-1, 86-2, 86-3, 86-6).

extending Plaintiff's deadline to respond to Defendants' Motion and directing him that his response was due August 7, 2026 (ECF No. 90). Despite this order, Plaintiff still failed to respond to the Motion. (*See* Docket.) In light of Plaintiff's failure to respond, the Court filed an order on August 11, 2026, scheduling a hearing and ordering Plaintiff to show cause why he should not be subject to sanctions under Rule 37 for his failure to respond to discovery, or under Rule 41(b) for his failures to comply with the Court's orders and to diligently prosecute this action.

The Court conducted the show cause hearing on August 20, 2026 (ECF No. 92). During the hearing, Plaintiff made multiple representations that were contradicted by the record or that the Court otherwise found to be false. Plaintiff told the Court did not know Defendants had requested delivery of his phone for inspection on July 6 because he never received counsel's email, but Defendants attached to their Motion an email from Plaintiff to defense counsel acknowledging he had received it. (ECF No. 86-6, June 30, 2026 email stating he would not confirm the "proposed date for device production scheduled for July 6, 2026").[2] Plaintiff also told the Court that he mailed his responses to Defendants' discovery requests in mid-April, though he said nothing about having done so during the hearing on June 24 and plainly told defense counsel in an email that same day that he intended to mail his responses the following day. (*See* ECF No. 86-1.) Plaintiff further claimed he did not file a response to Defendants' Motion for Sanctions because he did not know he needed to file anything, despite the Court's July 31 Order explicitly directing him to file a response by August 7 (ECF No. 90).

[2] The Court's Order on Defendants' Motion to Compel directed Plaintiff to produce his phone for inspection by July 8, 2026 (ECF No. 78). Defendants argue they should be compensated for unnecessary costs incurred in flying their expert to Minnesota to receive the phone on July 6, 2026, because Plaintiff refused to confirm a date for its production. There is no dispute that Plaintiff produced his phone for inspection on July 8 as ordered, however, and the Court concludes Plaintiff's failure to confirm the date in advance does not establish reasonable grounds for sanctions.

Notwithstanding Plaintiff's evident lack of candor and failure to cooperate in the discovery process, given the importance of resolving matters on the merits whenever possible and in light of Plaintiff's agreement during the hearing that he would promptly respond to Defendants' discovery requests, the Court denied Defendants' Motion without prejudice and ordered Plaintiff to respond to Defendants' discovery requests by August 27, 2026. The Court, again, warned Plaintiff that failure to respond to Defendants' discovery requests could result in sanctions, including dismissal of this lawsuit (ECF No. 93). To avoid any potential concern that Plaintiff had not received Defendants' written discovery requests, or that his responses to Defendants' discovery requests failed to reach defense counsel for whatever reason, the Court directed defense counsel to provide Plaintiff a copy of the requests in open court and further directed Plaintiff to email, hand-deliver, or send his responses by certified mail, if necessary, to ensure they reach their intended destination. The Court further directed Defendants to file a letter by August 28, 2026 updating the Court on the status of Plaintiff's discovery responses, and gave Plaintiff until August 31, 2026 to file any reply in response to Defendants' letter.

Defendants filed a letter on August 28, 2026 stating that they did not receive Plaintiff's responses to their discovery requests as ordered. To date, Plaintiff has not filed any reply to Defendants' letter (*see* Docket) and there is no information in the record to indicate he has complied with the Court's orders.

## DISCUSSION

### I. Standard of Review

A party's motion for sanctions based on another party's failure to comply with a discovery order is governed by Rule 37. *See Sentis Group, Inc. v. Shell Oil Co.,* 559 F.3d 888, 899 (8th Cir.

2009). Rule 37(b)(2) provides that if a party fails to obey a discovery order, the Court may issue "further just orders":

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). The Court has considerable discretion in determining an appropriate sanction under Rule 37(b), but the sanction imposed must be "just" and must relate to the claim at issue in the discovery order. *See Hairston v. Alert Safety Light Products, Inc.*, 307 F.3d 717, 719 (8th Cir. 2002). Dismissal is a particularly strong sanction and must be used sparingly. To warrant dismissal, the record must reflect: "(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." *Sentis*, 559 F.3d at 899. Dismissal is a drastic sanction, which should only be imposed in exceptional cases, but "a district court is not required to impose the least onerous sanction so long as it considers whether a lesser sanction is available or appropriate." *Brennan v. Qwest Communications Int'l, Inc.*, No. 7-cv-2024 (ADM/JSM), 2009 WL 1586721 at *7 (D. Minn. June 4, 2009) (citations and quotations omitted).

## II. Analysis

The Court does not recommend dismissal of this action lightly. However, all three requirements for dismissal pursuant to Rule 37(b) are met here, and any lesser sanction would be futile or ineffective.

The record plainly establishes that Plaintiff has violated the Court's orders. During the June 24 hearing on Defendants' Motion to Compel, the Court explicitly directed Plaintiff to

respond to Defendants' written discovery requests by July 8 and filed a written Order documenting the Court's directive. Plaintiff told the Court he would do so. During the August 20, 2026 hearing on Defendants Motion for Sanctions, the Court again explicitly directed Plaintiff to respond to Defendants' written discovery requests, setting a date of August 27, 2026 for Plaintiff to comply. The Court ensured that Plaintiff had copies of those requests by directing defense counsel to give copies to him in open court during the hearing and directed Plaintiff to deliver his written responses in a manner that could be verified. Again, Plaintiff told the Court he would comply. But based on Defendants' letter to the Court (ECF No. 95), he has not done so. And though Defendants served a copy of their letter on Plaintiff, both by filing it electronically and by mailing a copy to Plaintiff at his home address (*see* ECF No. 95-1), Plaintiff has filed no response or objection to that letter, as the Court expressly invited him to do. In light of Plaintiff's failure to respond, the Court accepts Defendants' uncontested representation that Plaintiff still has failed to respond to their written discovery requests.

The Court further concludes Plaintiff's failure to comply with the Court's orders is willful. In making this finding, the Court acknowledges Plaintiff appears in these proceedings pro se, but his status as a pro se litigant does not excuse him from complying with the applicable rules or the Court's orders. *See Bergs v. Sissel,* 745 F.2d 526, 528 (8th Cir. 1984) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law.".) The Court has clearly explained to Plaintiff what is required of him, explained that he must follow the Federal Rules of Civil Procedure and the Local Rules of this District, and provided him with directions to the Rules and other resources for pro se litigants. (*See, e.g.,* ECF No. 60 at 7, directing Plaintiff to the resources available on this District's "Representing Yourself" webpage.) Plaintiff could not credibly assert that he has no knowledge

of the Court's orders because the Court delivered them to him in person. Nor can Plaintiff credibly claim that he is incapable of responding to Defendants' discovery requests, as he has demonstrated capacity to do so. Plaintiff argued during the hearing on Defendants' Motion for Sanctions that he could not respond because he had lost access to artificial intelligence ("AI"), on which he had previously relied. But the Court explained that he should answer the discovery requests based on his own knowledge and warned that a lack of access to AI would not serve as an acceptable excuse. Furthermore, the Court observes that Plaintiff's statements during the hearing reflect a troubling lack of honesty and candor. Plaintiff's statements to the Court conflict with his email exchanges with defense counsel, during which he stated an intent to withhold discovery to coerce Defendants into complying with his informal demands. (ECF No. 86-4.) And, as previously discussed, several of Plaintiff's statements during the hearing appear to have been outright misrepresentations. Plaintiff cannot hide behind his status as a pro se litigant as an excuse for lying to the Court and ignoring the Court's orders. Plaintiff's willful misrepresentations and noncompliance establish grounds for dismissal. *See Schoffstall v. Henderson*, 223 F.3d 818, 824 (8th Cir. 2000) ("[Plaintiff's] stalling and her deceitful tactics show a blatant disregard for the district court's order and sufficiently demonstrate that her actions were willful.".)

Finally, the Court finds Plaintiff's failure to comply with its discovery orders has prejudiced Defendants. Plaintiff brought this lawsuit and caused Defendants to incur significant time, legal fees, and the expense of hiring an expert witness to defend against his accusations. But they cannot fairly understand Plaintiff's case to defend themselves without the requested discovery from Plaintiff. *See Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 559 (8th Cir. 1992) ("In the context of Rule 37(b)(2) motions 'prejudice' exists if the failure to make discovery impairs the opponent's ability to determine the factual merits of the party's claim.") Plaintiff's failure to

answer any of Defendants' written discovery requests has also significantly and unfairly compounded Defendants' litigation costs, by forcing defense counsel to repeatedly pursue him through letters and email communications in an effort to obtain responses. Defendants additionally have been forced to engage in multiple rounds of unnecessary motion practice, including their Motion to Compel, their Motion for Sanctions, and a Motion for Extension of Defendants' Expert Disclosure Deadline (ECF No. 96), which is now pending in light of Plaintiff's most recent failure to respond. Because of Plaintiff's actions, Defendants have had to focus their time and effort on attempting, without success, to obtain the most basic information about Plaintiff's claims, rather than developing their defenses and preparing their expert report. These expenditures of time and resources, which have resulted directly from Plaintiff's contumacious failure to comply, are prejudicial to Defendants. *See Schoffstall*, 223 F.3d at 824 (finding prejudice because "rather than being able to focus on completing discovery and beginning trial preparations," the plaintiff's actions required the defendant to spend its time and resources "hounding her for releases the court had already ordered her to provide"); *Sultana v. Endeavor Air*, No. 21-cv-2364 (JWB/TNL), 2023 WL 5436295, at *12 (D. Minn. May 30, 2023), *report and recommendation adopted*, 2023 WL 5431437 (D. Minn. Aug. 23, 2023), *aff'd sub nom. Sultana v. Wychor*, No. 23-3369, 2024 WL 3839172 (8th Cir. Aug. 16, 2024) (finding prejudice based on additional legal fees and time spent by defendant in attempting to litigate case). The Court therefore finds the prerequisites for dismissal under Rule 37(b) are satisfied.

Having found that dismissal is warranted, the Court further concludes that none of the alternative sanctions available under Rule 37(b) are appropriate. Though the Court could enter an order prohibiting Plaintiff from introducing evidence related to the matters at issue in Defendants' discovery requests, such an order would be tantamount to an order for dismissal, because

Defendants' discovery requests encompass all documents and statements that might support Plaintiff's claims. (*See* ECF Nos. 74-1, 74-2.) To require Defendants to expend the additional time and cost of preparing an expert report and filing a motion for summary judgment that Plaintiff would be precluded from defending would serve no purpose. And given that Plaintiff has already failed to comply with two direct court orders to respond to Defendants' discovery requests, an order staying the proceedings until Plaintiff complies would be futile and would only prolong the proceedings further. Moreover, any such delay would further prejudice Defendants by increasing their expenses and adding to the inevitable degradation of evidence over time. Furthermore, in light of the Court's previous repeated warnings, which Plaintiff has stubbornly ignored, holding him in contempt until he complies is unlikely to lead to compliance. Finally, the Court finds that monetary sanctions are not appropriate. The Court notes that Plaintiff applied for, and received, permission to litigate this matter *in forma pauperis* based on his inability to pay the filing and service fees. (*See* ECF Nos. 2, 3 and 8.) Therefore, an order directing Plaintiff to reimburse Defendants' unnecessary costs and fees incurred as a result of his noncompliance would likely lead to a pointless, uncollectable judgment.

For all these reasons, lesser sanctions are not well-suited to the circumstances presented here. The Court accordingly recommends dismissal of this action with prejudice.

## RECOMMENDATION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS RECOMMENDED** that Defendants' Motion for Sanctions (ECF No. 80) be granted in part as follows:

1. This action be **DISMISSED WITH PREJUDICE** under Rule 37(b) of the Federal Rule of Civil Procedure; and
2. The Motion be otherwise **DENIED**.

Dated: September 08, 2026

*s/Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).